NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ETHICON LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**INTUITIVE SURGICAL, INC., INTUITIVE SURGICAL OPERATIONS, INC., INTUITIVE SURGICAL HOLDINGS, LLC, INTUITIVE SURGICAL S. DE R.L. DE C.V.,**
*Intervenors*

---

2022-1111

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1167.

---

Decided: May 26, 2023

---

ANISH R. DESAI, Weil, Gotshal & Manges LLP, New York, NY, argued for appellant. Also represented by ELIZABETH WEISWASSER; PRIYATA PATEL, CHRISTOPHER PEPE, ZACHARY TRIPP, Washington, DC.

BENJAMIN S. RICHARDS, Office of General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by WAYNE W. HERRINGTON.

ROGER A. DENNING, Fish & Richardson, P.C., San Diego, CA, argued for intervenors. Also represented by RYAN PATRICK O'CONNOR; KENTON W. FREEMAN, JR., RICHARD ALEX STERBA, Washington, DC; FRANK SCHERKENBACH, Boston, MA.

————————————

Before LOURIE, REYNA, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Ethicon LLC (Ethicon) appeals a decision by the International Trade Commission (Commission) determining that Intuitive Surgical, Inc.; Intuitive Surgical Operations, Inc.; Intuitive Surgical Holdings, LLC; and Intuitive Surgical S. De R.L. De C.V. (collectively, Intuitive) did not violate 19 U.S.C. § 1337 by importing or selling certain laparoscopic surgical staplers, reload cartridges, and components thereof (Accused Products). *In the Matter of Certain Laparoscopic Surgical Staplers, Reload Cartridges, & Components Thereof*, Inv. No. 337-TA-1167, 2021 WL 6071753 (Dec. 20, 2021) (*Comm'n Opinion*). Relevant to this appeal, the Commission determined that Intuitive's Accused Products did not infringe claims 22 and 23 of U.S. Patent No. 9,844,369 ('369 patent) and that claim 24 of U.S. Patent No. 8,479,969 ('969 patent) is invalid under 35 U.S.C. § 103. *Id.* at *15–33. Ethicon appeals the Commission's determinations on claim construction, infringement, and invalidity. We have jurisdiction under 28 U.S.C. § 1295(a)(6). Because we agree with the Commission's construction of "means for guiding" and determine that substantial evidence supports its findings of (i) noninfringement of the "means for guiding" limitation

for the '369 patent and (ii) a motivation to combine the asserted prior art references for the '969 patent, we *affirm*.

## DISCUSSION

We review the Commission's legal conclusions de novo and its factual findings for substantial evidence. *Hyosung TNS Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353, 1356 (Fed. Cir. 2019). Claim construction decided only on the intrinsic evidence is a question of law. *Hologic, Inc. v. Minerva Surgical, Inc.*, 44 F.4th 1358, 1365 (Fed. Cir. 2022). For claims with means-plus-function limitations governed by 35 U.S.C. § 112(f), the identification of the claimed function and any corresponding structure are questions of law. *Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1373 (Fed. Cir. 2020). Infringement and motivation to combine references in an obviousness determination are questions of fact. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1202 (Fed. Cir. 2010); *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1366 (Fed. Cir. 2016).

## I. '369 PATENT

We agree with the Commission that the specification's corresponding structure for the term "means for guiding" does not include curved surfaces. *Comm'n Opinion*, 2021 WL 6071753, at *28. No party disputes that the term "means for guiding" must be interpreted according to 35 U.S.C. § 112(f). Appellant's Br. 27; Appellee's Br. 30; *see generally* Intervenors' Br. The specification states that the structure associated with the means for guiding "may have a chamfer 6133 thereon or otherwise be sloped as shown [in Figures 40 and 41]."[1] '369 patent col. 77 ll. 31–34. The only question before us is whether the surface that is

---

[1]    There is no dispute that a "chamfer" is a sloped, flat surface without any curves. Appellant's Br. 14, 39; Appellee's Br. 15; Intervenors' Br. 39–40.

"otherwise . . . sloped as shown [in Figures 40 and 41]" can include curved surfaces. It cannot. The relevant structures in Figures 40 and 41 are shown below:



Appellee's Br. 25 (relevant structures of Figures 40 and 41 shaded and circled); '369 patent FIGS. 40 and 41. The surfaces shown in Figures 40 and 41 are incontrovertibly flat from top to bottom, without any curves. Thus, we agree with the Commission that the "means for guiding" identified in the specification and shown in Figures 40 and 41 does not include curved surfaces.

We are not persuaded by Ethicon's arguments to the contrary. First, Ethicon points to portions of the specification describing other features of the surgical device having a "sloped surface" that may include curved surfaces. Appellant's Br. 39–40 (citing '369 patent col. 25 ll. 17–20, col. 26 ll. 11–15). Ethicon further argues that dependent claim 23's recitation of the "means for guiding" comprising "at least one ramped surface," and the specification's description of a "ramped surface" including curved surfaces," indicate that the "means for guiding" includes curved surfaces. Appellant's Br. 40–41 (citing '369 patent col. 26 ll. 11–15); Appellant's Reply Br. 10–11. The cited discussion in the specification, however, is completely unrelated to the claimed "means for guiding" and therefore does not describe structure corresponding to the "means for guiding" limitation. '369 patent col. 25 ll. 17–20, col. 26 ll. 11–15 (discussing surfaces of the stapler cartridge); Oral Arg. at 2:45–3:51 (Ethicon admitting that surfaces on the stapler cartridge are not "means for guiding"). Second,

Ethicon argues that the Commission's construction renders meaningless the specification phrase "otherwise be sloped." Appellant's Br. 42–43. "While a construction that introduces redundancy into a claim is disfavored, it is not foreclosed. That is particularly true where . . . intrinsic evidence makes it clear that the 'redundant' construction is correct." *VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 653 (Fed. Cir. 2022) (citing *SimpleAir, Inc. v. Sony Ericsson Mobile Commc'ns AB*, 820 F.3d 419, 429 (Fed. Cir. 2016)). Here, the specification makes clear that the only surfaces it associates with the "means for guiding" are not curved, that is, the flat, sloped chamfer 6133 and the plainly flat, sloped surface "shown" in Figures 40 and 41. Thus, even if Ethicon were right that the Commission's construction introduces redundancy, that would not overcome the statutory requirement of § 112(f) to look to the specification for the inventor's chosen corresponding structure for the "means for guiding."

Turning to infringement of the '369 patent, substantial evidence supports the Commission's finding that the Accused Products lack a "means for guiding." In Ethicon's view, the relevant sloped surface of the Accused Products "includes a curved surface . . . *and* a flat surface" and the flat portion alone is sufficient to infringe the "means for guiding" limitation under the Commission's construction. Appellant's Br. 44–47 (citing *SunTiger, Inc. v. Sci. Rsch. Funding Grp*, 189 F.3d 1327, 1330–31 (Fed. Cir. 1999)). The Commission correctly rejected Ethicon's reliance on only the flat portion of the sloped surface and reasonably found that the sloped surface with a partially-curved, partially-flat surface does not fall within the scope of the claimed "means for guiding," which is directed to a ramped surface that is flat from top to bottom as identified in the specification. *See Comm'n Opinion*, 2021 WL 6071753, at *28–33; J.A. 57 (citing '369 patent FIGS. 40 and 41; J.A. 2019). The Accused Products showing a sloped surface that is partially-curved and partially-flat is substantial

evidence supporting the Commission's finding that the Accused Products lack a "means for guiding."[2]  J.A. 2019.

## II. '969 PATENT

Turning to the '969 patent, substantial evidence supports the Commission's finding of a motivation to combine two prior art systems that supported its obviousness determination:  the i60 stapler and the da Vinci Si robot.

Ethicon argues that there would have been technical difficulties in combining the i60 stapler and da Vinci Si robot due to the i60 stapler's lack of shaft roll and incompatibility between the two drive systems.  Appellant's Br. 64–66.  The Commission's rejection of those technical arguments is supported by the testimony of Intuitive's expert, who testified that (1) handheld surgical instruments could be modified to be used with robotic systems without adding shaft roll, but that adding shaft roll would have been within the level of skill in the art, J.A. 3447, and (2) a ratcheting mechanism or a motor pack could allow the motors of the da Vinci Si robot to drive the transmission assembly of the i60 stapler, J.A. 3445–47.

Ethicon also argues that a 2009 FDA recall of the i60 stapler due to safety concerns would have deterred a skilled artisan from combining the i60 stapler with the da Vinci Si robot.  Appellant's Br. 60–62.  But the recall was terminated in 2010, more than a year before the 2011 priority date of claim 24 of the '969 patent.  *See* J.A. 3448 (Q/A 354).  Although Ethicon argues that the FDA terminated the recall because the i60 stapler was never put back

---

[2]　　Ethicon never argued or adduced evidence that the Accused Products' partially-curved, partially-flat surfaces were "equivalents thereof" under 35 U.S.C. § 112(f) to the flat surfaces shown in Figures 40 and 41.  *Comm'n Opinion*, 2021 WL 6071753, at *28 n.15; *see* Appellant's Br. 44–49.

on the market, Appellant's Reply Br. 21, the only evidence Ethicon cites is a statement from Intuitive's fact witness that "to [his] knowledge, they never put the [i60 stapler] back" on the market. J.A. 2752 (Flanagan Tr. 198:2–14). This testimony is far from conclusive and does not undermine the substantial evidence supporting a motivation to combine the i60 stapler and da Vinci Si robot.

Finally, Ethicon argues that the Commission failed to specifically address the impact of the recall on the motivation to combine. Appellant's Reply Br. 19–24. However, "this court has said on multiple occasions that failure to explicitly discuss every issue or every piece of evidence does not alone establish that the tribunal did not consider it." *Novartis AG v. Torrent Pharm. Ltd.*, 853 F.3d 1316, 1328 (Fed. Cir. 2017) (collecting cases). The Commission is "not require[d] . . . to address every argument raised by a party or explain every possible reason supporting its conclusion." *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1322 (Fed. Cir. 2016), *overruled on other grounds by Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1296 n.1 (Fed. Cir. 2017) (en banc). In this instance, the Commission's analysis of the recall is commensurate with the parties' arguments below, which consisted only of a single sentence of expert testimony. Oral Arg. at 10:15–10:29, 22:45–23:00; *see Novartis*, 853 F.3d at 1327–28 (finding that it would be inappropriate "to find fault in the Board's arguably limited treatment of [certain] arguments" where the Board's treatment "was at least commensurate with" the patent owner's presentation of those arguments). As such, the Commission's treatment of the recall issue is not reversible error.

## CONCLUSION

We have considered Ethicon's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Commission's decision.

## **AFFIRMED**